

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~JOHN TERRELL COOPER~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:

Opinion Number O-1747
Re: Eminent domain -- Commissioners'
Court -- Right of way for State
highways -- Litigation -- Settle-
ment

      Your request for opinion has been received and considered by this department. You submit four questions in your letter. We quote from your letter as follows:

"Rusk County is securing rights of way for a State Highway and it has be-come necessary to condemn some of the property. In the condemnation pro-ceedings, three commissioners were appointed after the Commissioners' Court had failed to settle with the property owner on a certain tract of land needed for this State Highway.

"The three Commissioners in due course met and assessed the damage at a sum that was not satisfactory to the property owner. Please answer these questions for me in reference to the above; viz:

"(1) Has the Commissioners' Court the right to settle with the property owner at a higher sum or figure than that awarded by the three commission-ers, pending an appeal to the County Court?

"(2) Has the Commissioners' Court the right to settle with the property owner at a higher sum or figure than that set by the three commissioners before the case is tried in the County Court?

"(3) In the event the decisions of the County Court is not satisfactory to the property owner, has the Commissioners' Court the right to settle this case at a higher sum or figure than set by the County Court?

"(4) Can the Commissioners' Court by proper order authorize the County or Criminal District Attorney to make a settlement with the property own-er at a sum or figure higher than that set by the three commissioners after an appeal is perfected and before the case is tried in County Court?"

(Here follows a complete quotation of the following Articles from the Revised Civil Statutes of Texas: Articles 6674n, 3264, 3264a, 3265, and 3266. These are omitted here for brevity as they are readily available in any county attorney's office)

Article 3268, Revised Civil Statutes of Texas, provides, among other things, that if the cause should be appealed from the decision of the county court that the appeal shall be governed by the law governing appeals in other cases, etc.

Article 3271, R.C.S., provides for the investitute of the property by the judgment.

This department held in an opinion written by Hon. James N. Neff, Assistant Attorney General, dated October 18, 1937, addressed to Hon. A. V. Peel, that the commissioners' court was authorized under the terms of Article 6674n to purchase new or additional right of way for purpose of widening or constructing a State highway through the county.

We quote from 11 Texas Jurisprudence, Counties, Chapter IX, Powers, Rights and Liabilities, Section 81, Generally - Power to Sue - authorization, of suit, pages 614-15, as follows:

"A county is a body corporate which has comprehensive powers, rights and duties. As has been noted, the powers and duties of a county are limited to those defined by the Constitution and statutes. The powers and duties delegated to a county are vested in the commissioners' court, consequently, the discussion above of the powers of that body comprehends the powers and duties of the county.

"A county undoubtedly has power or authority to institute and maintain actions at law; and when prosecuting a suit in its own name by attorneys the county comes into court as any other litigant. It is subject to all the rules of evidence and legal presumptions usually applicable to ordinary parties. . . ." (Underscoring ours).

Section 82, Counties, 11 Texas Jurisprudence, page 616, provides that a county has capacity to defend actions at law brought against a county.

We quote from 11 Texas Jurisprudence, Counties, Chapter VI, Section 45, page 574, as follows:

"The commissioners' court is empowered to appoint agents for the accomplishment of purposes authorized by law. However, there are certain functions which must be performed by the court as a body and which may not be delegated to an agent. The authority to contract for the construction of a courthouse, for example, is not delegable. But an architect may be employed to prepare plans and specifications, make a draft of a contract, and make a contract itself subject to the approval of the commissioners' court. It is said that the selection of agents in respect of matters necessitating the exercise of judgment and discretion should be made by the commissioners' court and should not be delegated. . . ."

The case of Russell vs. Cage, 1 SW 270, 77 T. 428, holds that the commissioners' court cannot delegate to an architect its authority to make a contract to construct a courthouse, but that the commissioners' court can authorize him to make a contract therefor subject to the approval of the commissioners' court.

Under Article 6674n, Revised Civil Statutes of Texas, the county clearly has the right to purchase right-of-way for State Highways, as well as the right to secure same by condemnation. Clearly, the commissioners' court, on behalf of the county, has the right to prosecute and maintain actions at law wherein the county is involved and clearly has the right to defend suits against the county. Clearly, the commissioners' court, in the exercise of its sound discretion, may compromise and settle certain character of suits wherein the county is a litigant. Since Article 6674n, supra, gives the county the right to purchase as well as condemn right-of-way for for State Highways in the county, we are of the opinion that the commissioners' court, in their sound discretion, may abandon pending litigation relative to securing right-of-way for State Highway purposes and may by proper orders and proper proceedings dismiss or secure the dismissal of condemnation proceedings and/or litigation and acquire the right-of-way by purchase. Of course, if the condemnation proceedings or litigation had become final we doubt the authority of the commissioners' court to purchase said right-of-way at a greater price than the amount of the final adjudication. However, if the matter has not been finally adjudicated or become final, then we are of the opinion that the commissioners' court may exercise its sound discretion in settling and compromising the litigation at such figure and amount they deem just and proper.

You are, therefore, respectfully advised that it is the opinion of this department that questions Nos. 1, 2 and 3 of your letter should be answered in the affirmative if the proceedings and litigation have not become final. If such proceedings or litigation have become final, the questions should be answered in the negative.

In answer to your fourth question, you are respectfully advised that it is the opinion of this department that the commissioners' court by proper order could authorize the county or criminal district attorney to make a settlement with the property owner at a sum or figure higher than that set by the three commissioners after an appeal is perfected and before the case is tried in the county court, subject to the approval of the commissioners' court. The order of the commissioners' court should authorize the county or criminal district attorney to make this settlement subject to the approval of the commissioners' court.

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Very truly yours

WJF:AW:egw
APPROVED DEC 9, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS
By /s/ Wm. J. Fanning
Assistant